ORIGINAL

Fee Paid

81

10

1  JAMES M. McMANIS  (SBN 40958)
   MARWA ELZANKALY (SBN 206658)
2  McMANIS FAULKNER & MORGAN
   A Professional Corporation
3  50 West San Fernando Street, 10th Floor
   San Jose, California 95113
4  Telephone:     408-279-8700
   Facsimile:      408-279-3244
5  Email: jmcmanis@mfmlaw.com
          melzankaly@mfmlaw.com
6

FILED

E-FILING

2007 OCT 16  P 4: 21

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

ADR

7  Attorneys for Plaintiff,
   Thomas Nigro

8

9             UNITED STATES DISTRICT COURT

10            NORTHERN DISTRICT OF CALIFORNIA

11                  SAN JOSE DIVISION

12  THOMAS NIGRO,                    Case No.  C 07  05274  RS

13        Plaintiff,

                                     CLASS ACTION COMPLAINT;
14  vs.                              JURY TRIAL DEMANDED

15  SAMSUNG SEMICONDUCTOR, INC.;
    SAMSUNG ELECTRONICS COMPANY, LTD.;
16  TOSHIBA CORPORATION; TOSHIBA
    AMERICA, INC.; TOSHIBA AMERICA
17  ELECTRONIC COMPONENTS, INC.;
    HYNIX SEMICONDUCTOR AMERICA, INC.;
18  HYNIX SEMICONDUCTOR, INC.;
    RENESAS TECHNOLOGY CORPORATION;
19  RENESAS TECHNOLOGY AMERICA, INC.;
    MICRON TECHNOLOGY, INC.;
20  MICRON SEMICONDUCTOR PRODUCTS,
    INC.; LEXAR MEDIA, INC.; HITACHI
21  AMERICA, LTD.; HITACHI, LTD.; HITACHI
    ELECTRONIC DEVICES USA; MITSUBISHI
22  ELECTRIC CORPORATION; MITSUBISHI
    ELECTRIC AND ELECTRONICS USA, INC.;
23  MOSEL VITELIC CORPORATION; MOSEL
    VITELIC, INC.; WINBOND ELECTRONICS
24  CORPORATION;
    WINBOND ELECTRONICS CORPORATION
25  AMERICA, INC.; AND DOES 1 THROUGH 100,
    INCLUSIVE,

26        Defendants.

27

28

                              1
─────────────────────────────────────────────
CLASS ACTION COMPLAINT; JURY TRIAL DEMANDED

Plaintiff THOMAS NIGRO, individually and on behalf of the Class described below, brings this action for damages and injunctive relief against the above named Defendants, and demands a jury trial. Plaintiff, upon personal knowledge as to his own acts and status, and upon information and belief as to all other matters, alleges the following:

## I.    JURISDICTION AND VENUE

1.    This Complaint is filed under Section 1 of the Sherman Antitrust Act, 15 U.S.C. § 1, and Sections 4 and 16 of the Clayton Act, 15 U.S.C. §§ 15 and 26. Plaintiff and the Class seek to enjoin defendants, and their officers, agents, employees, or representatives from engaging in the unlawful contract, combination, and conspiracy in restraint of trade or commerce of Flash Memory or products containing Flash Memory, and to recover treble damages and costs of suit, including reasonable attorneys' fees, for the injuries sustained as a result of the defendants' violations of those laws.

2.    This Court's jurisdiction is based on 28 U.S.C. §§ 1331 and 1337. The Court also has jurisdiction over the state law claims under 28 U.S.C. § 1367 because those claims are so related to the federal claim they form part of the same case or controversy. The Court also has jurisdiction under 28 U.S.C. § 1332 because the amount in controversy for the Class exceeds $5,000,000 exclusive of interest and costs when the claims of individual class members are aggregated, and there are members of the Class who are citizens of different states.

3.    Venue is proper in this District under 15 U.S.C. §§ 15 and 22 and 28 U.S.C. § 1391 because Defendants reside, transact business, or are found within the District. Venue also is proper in this District because a substantial part of the events giving rise to the claims arose in this District.

4.    As described herein, the activities of the Defendants and their co-conspirators were within the flow of, were intended to and did have a substantial effect on the foreign and interstate commerce of the United States.

## II.    NATURE OF THE ACTION

5.    This lawsuit is brought by Plaintiff as a Class Action on behalf of individuals and entities who purchased Flash Memory indirectly from Defendants, their subsidiaries, agents, or

2

CLASS ACTION COMPLAINT; JURY TRIAL DEMANDED

1    co-conspirators during the period from at least January 1, 1999 through the present (hereinafter

2    the "Class Period").

3         6.     Flash Memory is used in digital cameras, digital audio players, mobile phones and

4    video game consoles and memory cards, among other things. Flash Memory does not need

5    continuous power to maintain the information stored on the chip, meaning it is non-volatile.

6    Flash Memory can be electronically erased and reprogrammed.  Flash Memory costs far less than

7    competing forms of memory and has become the dominant technology wherever a significant

8    amount of non-volatile, solid-state storage is needed.  It is a stand-alone product with broad

9    applications with respect to memory cards, storage devices and portable electronic products.

10        7.     The term Flash Memory, as used herein, means all types of Flash Memory sold

11   during the Class Period, including AND, Not AND ("NAND"), and Not OR ("NOR")

12   technologies.  For purposes of this complaint, Flash Memory excludes all types of dynamic

13   random access memory ("DRAM") or static random access memory ("SRAM") sold during the

14   Class Period.

15        8.     Defendants' collusive behavior during the Class Period inflated the price of Flash

16   Memory, with Defendants participating in cartel-like behavior to fix the prices of Flash Memory

17   products.  Defendants' unlawful conduct and conspiracy caused Plaintiff and Class members to

18   pay artificially inflated prices for Flash Memory.  Plaintiff and other members of the Class who

19   purchased these products have been damaged by Defendants' illegal actions.

20                      **III.    PARTIES**

21       **A.    Plaintiff**

22        9.     Plaintiff, THOMAS NIGRO, is an individual, residing in the United States, who

23   purchased Flash Memory indirectly from one or more of the Defendants during the Class Period

24   and was injured as a result of the Defendant's illegal conduct.

25       **B.    Defendants**

26        10.     Defendant **SAMSUNG SEMICONDUCTOR, INC.** is incorporated under the

27   laws of California. It is a wholly owned and controlled subsidiary of Samsung Electronics Co.

28   Ltd. with its principal place of business at 3655 N. First Street, San Jose, California, 95134.

3

CLASS ACTION COMPLAINT; JURY TRIAL DEMANDED

1    During the Class Period, Samsung Semiconductor, Inc. sold and distributed Flash Memory to

2    customers throughout the United States.

3          11.    Defendant **SAMSUNG ELECTRONICS COMPANY, LTD.** is a business

4    organized under the laws of South Korea. Its principal place of business is at Samsung Main

5    Building, 250-2 ga, Taepyung-ro, Chung-gu, Seoul, Korea. During the Class Period, Samsung

6    Electronics Company, Ltd. sold and distributed Flash Memory to customers throughout the

7    United States. Samsung Electronics Company, Ltd. and Samsung Semiconductor, Inc. are

8    referred to collectively herein as "Samsung."

9          12.    Defendant **TOSHIBA CORPORATION**, a business entity organized under the

10   laws of Japan, has its principal place of business at 1-1 Shibaura, 1-chrome Minato-ku, Tokyo,

11   105-8001, Japan. During the Class Period, Toshiba Corporation sold and distributed Flash

12   Memory to customers throughout the United States.

13         13.    Defendant **TOSHIBA AMERICA INC.**, is incorporated under the laws of the

14   State of Delaware, is a wholly owned and controlled subsidiary of Toshiba Corporation with its

15   principal place of business at 1251 Avenue of the Americas, Suite 4110, New York, New York,

16   10020. During the Class Period, Toshiba America Inc. manufactured, sold and distributed Flash

17   Memory to customers throughout the United States.

18         14.    Defendant **TOSHIBA AMERICA ELECTRONIC COMPONENTS, INC.** is

19   incorporated under the laws of the state of California. It is a wholly owned and controlled

20   subsidiary of Toshiba Corporation with its principal place of business at 19900 MacArthur

21   Boulevard, Suite 400, Irvine, California, 92612. During the Class Period, Toshiba America

22   Electronic Components, Inc. sold and distributed Flash Memory to customers throughout the

23   United States. Toshiba Corporation, Toshiba America Inc., and Toshiba America Electronic

24   Components, Inc. are referred to collectively herein as "Toshiba."

25         15.    Defendant **HYNIX SEMICONDUCTOR AMERICA, INC.** is a wholly owned

26   and controlled subsidiary of Defendant Hynix Semiconductor, Inc. Its principal place of

27   business is located at 3101 N. First Street, San Jose, California, 95134. Hynix Semiconductor

28   America, Inc. is incorporated under the laws of California. During the Class Period, Hynix

4

CLASS ACTION COMPLAINT; JURY TRIAL DEMANDED

Semiconductor America, Inc. sold and distributed Flash Memory to customers throughout the United States.

16.    Defendant **HYNIX SEMICONDUCTOR, INC.** is a business entity organized under the laws of South Korea. Its principal place of business is located at SAN 136-1, Ami-Ri Bubal-eub, Icheon-si, Kyoungki-do, South Korea, 467-701. During the Class Period, Hynix Semiconductor, Inc. sold and distributed Flash Memory to customers throughout the United States. Hynix Semiconductor, Inc. and Hynix Semiconductor America, Inc. are referred to collectively herein as "Hynix."

17.    Defendant **RENESAS TECHNOLOGY CORPORATION** is a business entity organized under the laws of Japan. Its principal place of business is located at Marunouchi Building, 4-1, Marunouchi 2-chrome, Chiyoda-ku, Tokyo, 100-6334, Japan. Renesas Technology Corporation was established on or about April 1, 2003 as a joint venture of Hitachi and Mitsubishi. During the Class Period, Renesas Technology Corporation sold and distributed Flash Memory to customers throughout the United States.

18.    Defendant **RENESAS TECHNOLOGY AMERICA, INC.**, a Delaware corporation, is a wholly owned and controlled subsidiary of Renesas Technology Corporation, with its principal place of business at 450 Holger Way, San Jose, California, 95134. During the Class Period, Renesas Technology America, Inc. sold and distributed Flash Memory to customers throughout the United States. Defendants Renesas Technology Corporation and Renesas Technology America, Inc. are referred to collectively herein as "Renesas."

19.    Defendant **MICRON TECHNOLOGY, INC.**, a Delaware corporation, has its principal place of business at 8000 South Federal Way, Boise, Idaho, 83716. During the Class Period, Micron Technology, Inc. sold and distributed Flash Memory throughout the United States.

20.    Defendant **MICRON SEMICONDUCTOR PRODUCTS, INC.**, a corporation formed under the laws of Delaware, is a wholly owned subsidiary of Defendant Micron Technology, Inc. Its principal place of business is at 8000 South Federal Way, Boise, Idaho, 83716. During the Class Period, Micron Semiconductor Products, Inc. sold and distributed Flash

CLASS ACTION COMPLAINT; JURY TRIAL DEMANDED

1    Memory to customers throughout the United States. Micron Technology, Inc., and Micron

2    Semiconductor Products, Inc. are referred to collectively herein as "Micron."

3         21.    Defendant **LEXAR MEDIA, INC.,** is incorporated under the laws of Delaware.

4    Its principal place of business is located at 47300 Bayside Parkway, Fremont, California, 94538.

5    During the Class Period, Lexar Media, Inc. sold and distributed Flash Memory to customers

6    throughout the United States. Micron Technology in March 2006 announced it had acquired

7    Lexar Media, Inc., in a deal valued at $688 million in stock. Defendant Lexar Media, Inc. is

8    referred to herein as "Lexar."

9         22.    Defendant **HITACHI AMERICA, LTD**. is incorporated under the laws of New

10   York. Its principal place of business is located at 50 Prospect Avenue, Tarrytown, New York

11   10591. It is a wholly owned and controlled subsidiary of Defendant Hitachi Ltd. During the

12   Class Period, Hitachi America, Ltd. sold and distributed Flash Memory to customers throughout

13   the United States.

14        23.    Defendant **HITACHI, LTD**. is a business entity organized under the laws of

15   Japan, with its principal place of business at 6-1 Marunoyuchi Center Building 13F Chiyodaku,

16   Tokyo, 100-8220, Japan. During the Class Period, Hitachi, Ltd. sold and distributed Flash

17   Memory to customers throughout the United States.

18        24.    Defendant **HITACHI ELECTRONIC DEVICES USA** is incorporated in the

19   State of Delaware with its principal place of business at 575 Mauldin Road, Greenville, South

20   Carolina 29607. It is a wholly owned and controlled subsidiary of Defendant Hitachi, Ltd.

21   Defendants Hitachi America, Ltd., Hitachi, Ltd., and Hitachi Electronic Devices USA, Inc. are

22   referred to collectively herein as "Hitachi."

23        25.    Defendant **MITSUBISHI ELECTRIC CORPORATION** is organized under the

24   laws of Japan. Its principal place of business is located at Tokyo Building 2-7-3, Marunouchi,

25   Chiyoda-ku, Tokyo 100-8310, Japan. During the Class Period, Mitsubishi Electric Corporation

26   sold and distributed Flash Memory to customers throughout the United States.

27        26.    Defendant **MITSUBISHI ELECTRIC AND ELECTRONICS USA, INC**. is

28   incorporated under the laws of Delaware with its principal place of business located at 500

6

CLASS ACTION COMPLAINT; JURY TRIAL DEMANDED

Corporate Wood Parkway, Vernon Hills, Illinois 60061. It is a wholly owned and controlled subsidiary of Mitsubishi Electric Corporation. During the Class Period, Mitsubishi Electric and Electronics USA, Inc. sold and distributed Flash Memory to customers throughout the United States. Defendants Mitsubishi Electric Corporation and Mitsubishi Electric and Electronics USA, Inc., are referred to collectively herein as "Mitsubishi."

27.    Defendant **MOSEL VITELIC CORPORATION** is incorporated in the State of California. Its principal place of business is located at 3910 N. First Street, San Jose, California 95134. It is a wholly owned and controlled subsidiary of Mosel Vitelic, Inc. During the Class Period, Mosel Vitelic Corporation sold and distributed Flash Memory to customers throughout the United States.

28.    Defendant **MOSEL VITELIC, INC.**, is a business entity organized under the laws of Taiwan, and has its headquarters at No. 19 Li Hsin Road, Science-Based Industrial Park, Hsinchu, Taiwan. During the Class Period, Mosel Vitelic, Inc. sold and distributed Flash Memory to customers throughout the United States. Defendants Mosel Vitelic Corporation and Mosel Vitelic, Inc., are referred collectively herein as "Mosel."

29.    Defendant **WINBOND ELECTRONICS CORPORATION** is a business entity organized under the laws of Taiwan. Its headquarters are at No. 4 Creation Road 3, Science-Based Industrial Park, Hsinchu, 300, Taiwan. During the Class Period, Winbond Electronics Corporation sold and distributed Flash Memory to customers throughout the United States.

30.    Defendant **WINBOND ELECTRONICS CORPORATION AMERICA, INC.** is incorporated in the State of Delaware. Its principal place of business is located at 2727 N. First Street, San Jose, California, 95135. It is a wholly owned and controlled subsidiary of Winbond Electronics Corporation. During the Class Period, Winbond Electronics Corporation America, Inc., sold and distributed Flash memory to customers throughout the United States. Defendants Winbond Electronics Corporation and Winbond Electronics Corporation America, Inc. Are referred to collectively herein as "Winbond."

CLASS ACTION COMPLAINT; JURY TRIAL DEMANDED

## IV.    CO-CONSPIRATORS AND AGENCY

31.    Each Defendant was and is the agent of each of the remaining Defendants, and in doing the acts alleged herein, was acting within the course and scope of such agency at all relevant times.  Each Defendant ratified and/or authorized the wrongful acts of each of the Defendants.

32.    Certain other persons, firms, corporations and entities have participated as co-conspirators in the violations and conspiracies alleged in this complaint.  In order to engage with Defendants in the offenses charged and violations alleged herein, these co-conspirators have performed acts and made statements in furtherance of the antitrust violations and conspiracies alleged herein.

33.    At all relevant times, each Defendant was and is the agent of each of the remaining Defendants, and in doing the acts alleged herein, was acting within the course and scope of such agency.  Each Defendant ratified and/or authorized the wrongful acts of each of the Defendants.  Defendants, and each of them, have participated as members of the conspiracy or acted with or in furtherance of it, or aided or assisted in carrying out its purposes alleged in this Complaint, and have performed acts and made statements in furtherance of the violations and conspiracy.  Defendants, and each of them, are individually sued as participants and as aiders and abettors in the improper acts, plans, schemes, and transactions that are the subject of this complaint.

## V.    UNNAMED PARTICIPANTS

34.    Numerous entities and individuals actively participated as co-conspirators during the course of and in furtherance of the Defendants' price-fixing scheme herein alleged.  The entities and individuals acted in concert by joint ventures and by acting as agents for principals, in order to advance and promote the conspiratorial objectives.  Many acts were done in the course of and in furtherance of the conspiracy by statements, conduct, and intent to defraud.

## VI.    TRADE AND PRODUCT

35.    The market for the manufacture and sale of Flash Memory is difficult to crack because of high manufacturing and technological barriers. Efficient fabrication plants are large

8

1   and expensive. In addition, Flash Memory is subject to technological advances forcing firms

2   within the industry to undertake significant research and development expenses. This translates

3   into a small number of suppliers.

4        36.      Flash Memory is a homogeneous product sold by Defendants and purchased by

5   Plaintiff and members of the Class primarily on the basis of price.

6        37.      Manufacturers of electronic devices, and resellers of Flash Memory components,

7   purchase Flash Memory directly or indirectly from the Defendants. These electronic devices and

8   Flash Memory components are then sold to consumers directly or indirectly.

9        38.      Defendants sell Flash Memory through various channels, including to

10   manufacturers of electronic products and devices, and to vendors or resellers of products

11   containing Flash Memory. These electronic products and devices are then sold to consumers,

12   directly or indirectly. They are not altered during the course of sale.

13       39.      The State of California is the largest market in the world for Flash Memory. It

14   also is the worldwide center of the high technology industry and other industries that depend

15   upon Flash Memory. On a regular and continuous basis, statements concerning the prices and

16   market conditions for Flash Memory were disseminated by Defendants from and into California.

17                          **VII.   COMMERCE AND MARKET**

18       40.      Defendants and their co-conspirators engaged in marketing and selling Flash

19   Memory throughout the United States during the Class Period. Throughout the Class Period of

20   January 1999 to the present, total sales of Flash Memory were in the billions of dollars. The

21   market for Flash Memory is large and growing, with worldwide revenues in excess of $12 billion

22   in 2006 alone.

23       41.      The market for the manufacture and sale of Flash Memory is conducive to the

24   type of collusive activity alleged herein.

25       42.      The Flash Memory market is oligopolistic in nature. Samsung is the clear market

26   leader followed by Toshiba, Hynix, Renesas, and Micron. According to the iSuppli website,

27   these Flash Memory manufacturers in 2005 controlled more than 95% of the Flash Memory

28   market, followed by the other defendants.

9

CLASS ACTION COMPLAINT; JURY TRIAL DEMANDED

# VIII.  CLASS ACTION ALLEGATIONS

43.    Plaintiff brings this action on behalf of himself and on behalf of the Class in accordance with Federal Rules of Civil Procedure, rule 23(a), 23(b)(2), and 23(b)(3).  The Class is defined as:

> All persons and entities currently residing in the United States who, from January 1, 1999 through the present, purchased Flash Memory in the United States. Specifically excluded from this Class are the Defendants; their parents, predecessors, successors, subsidiaries, units, divisions, employees, officers, directors; co-conspirators; government entities; and any and all judges and justices (and members of their immediate families) assigned to hear any aspect of this case.

44.    This action is appropriate for class treatment under Rule 23 of the Federal Rules of Civil Procedure because:

a.    The Class is ascertainable and there is a defined community of interest among Class members;

b.    Although Plaintiff does not know the exact number of Class members, since such information is under the control of Defendants and their agents, Plaintiff believes that due to the nature of the trade and commerce involved Class members are sufficiently numerous, most likely hundreds of thousands of purchasers, and geographically dispersed throughout the United States such that joinder of all Class members is impracticable.  The information as to the identity of the Class members can be readily determined from records maintained by Defendants and their agents.

c.    Plaintiff's claims are typical of the claims of the Class in that Plaintiff is a purchaser of Flash Memory in the United States.  In addition, all Class members were damaged in the same manner by the same wrongful conduct of Defendants and their co-conspirators as alleged herein, and the relief sought is common to the Class.

CLASS ACTION COMPLAINT; JURY TRIAL DEMANDED

45.    There are a number of questions of law and fact that are common to the Class that arise from Defendants' anti-competitive conduct.  Among the common questions of law and fact are:

a.    Whether Defendants engaged in a contract, combination or conspiracy among themselves and/or their co-conspirators to raise, fix, maintain, peg or stabilize the prices of Flash Memory sold in the United States;

b.    Whether Defendants engaged in a contract, combination or conspiracy among themselves and/or their co-conspirators to allocate the market for Flash Memory;

c.    The duration of the conspiracy and the nature and character of the acts done in furtherance of the conspiracy;

d.    The identities of the co-conspirators;

e.    Whether Defendants actively concealed the contract, combination or conspiracy from Plaintiff and other Class members;

f.    Whether the conspiracy violated Section 1 of the Sherman Act;

g.    Whether the conduct of the Defendants constitutes a violation of California Business and Professions Code sections 16720 and 17200;

h.    Whether Defendants' conduct constitutes a violation of the antitrust, unfair competition, and common laws of the states as alleged in the Fourth Claim for Relief below;

i.    Whether the conduct of Defendants and their co-conspirators caused prices of Flash Memory to be artificially inflated to non-competitive levels; and

j.    Whether Plaintiff and other members of the Class were injured by the conduct of Defendants and their co-conspirators and, if so, the appropriate class-wide measure of damages and appropriate injunctive relief.

These common questions of law and fact are common to the Class, and predominate over any other questions affecting only individual Class members.

46.     This Class Action is superior to the alternatives, if any, for the fair and efficient adjudication of this controversy.

47.     Prosecution of separate actions by individual Class members would create the risk of inconsistent or varying adjudications, establishing incompatible standards of conduct for the Defendants.

48.     Injunctive relief is appropriate as to the Class as a whole because Defendants have acted or refused to act on grounds generally applicable to the Class.

49.     Plaintiff will fairly and adequately represent the interests of the Class in that Plaintiff is a typical purchaser of Flash Memory and has no conflicts with any other member of the Class.  In addition, Plaintiff has retained competent counsel experienced in antitrust and class action litigation.

50.     Defendants will be unjustly enriched because they will be able to retain the benefits of their wrongful conduct, unless the class procedure is used.

51.     The claims in this case are properly certifiable under the laws of the State of California, and of other individual states.

## IX.     FACTUAL ALLEGATIONS

### A.     Flash Memory Background

52.     Flash Memory is a type of electronic memory chip that retains its data when the power is turned off.  It can be electronically erased and reprogrammed without being removed from the circuit board.  Flash Memory is produced in the form of an integrated chip which is used in a variety of applications, including memory cards, digital audio players, digital cameras, mobile phones, video game consoles, USB storage devices, fax machines and personal computers, and other items.

53.     Examples of Flash Memory include:

    a.     PCMCIA Type I and Type II memory cards

    b.     SmartMedia (digital cameras)

    c.     Memory Stick (digital cameras)

    d.     A computer's BIOS chip

12

CLASS ACTION COMPLAINT; JURY TRIAL DEMANDED

      e.     CompactFlash

      h.     iPhone

      f.     Video game console memory cards

      g.     iPod and Shuffle music players (NAND Flash Memory chips to store songs)

**B.**    **Applications**

54.    Non-volatile Flash Memory is computer memory that can retain the stored information even when not powered.   Flash Memory is usually used for the task of secondary storage or long-term persistent storage.  The most widely used primary storage is a volatile form of RAM, meaning when the computer is shut down, anything contained in RAM is lost.

55.    Because of the minuscule size of Flash Memory, manufacturers are able to develop smaller and lighter products.  An example would be Motorola's RAZR mobile phone, which is the thinnest cell phone available.

**C.**    **Stand-Alone Product**

56.    Flash Memory is a stand-alone product and not a part of another product.  When Flash Memory is purchased by a consumer, the consumer is typically buying the product itself, not another product of which Flash Memory is a component.  For this reason, the determination of the amount by which Plaintiff and the Class sustained antitrust damages is not complicated by the need to determine the extent to which Defendants' price-fixing conduct inflated the price of various components – one need only examine the extent to which Flash memory prices were inflated.

**D.**    **Types of Flash Memory**

57.    NOR and NAND are the two main types of nonvolatile memory chips used in electronic devices to retain data when power is switched off.  NOR chips excel at reading data at high speed, making them suitable for running software in cell phones, while NAND chips, widely used in digital cameras and music players, write data at high speed and generally have greater storage capacity.

CLASS ACTION COMPLAINT; JURY TRIAL DEMANDED

1    58.    NOR and NAND are Flash Memory chips constructed of either NOR or NAND

2    logic gates.  Electronic logic gates are a collection of transistors and resistors that perform a

3    logical operation on one or more logic inputs and produce a single logic output.  The logic

4    normally performed is boolean logic and is commonly found in digital circuits.  Transistors make

5    up logic gates.  Logic gates make up circuits.  Circuits make up electronic systems.  NOR chips

6    function like a computer's main memory, while NAND works like a hard disk.  For example, in a

7    digital camera, NOR Flash Memory contains the camera's internal software, while NAND Flash

8    Memory is used to store the pictures.

9    **E.    Defendants' Exposure To Pricing**

10    59.    Numerous industry trade organizations provided Defendants with ample

11    opportunities to participate in Flash Memory cartel activities.  All of the Defendants are

12    members of the Joint Electron Device Engineering Council ("JEDEC") Solid State Technology

13    Association, a standard-setting organization which over the years has held dozens of general

14    membership meetings and regional meetings across the world.  In addition, Hynix and Micron

15    are among the founding members of the Open NAND Flash Interface group, the purpose of

16    which is to meet and discuss standards and production of NAND Flash Memory products.

17    Among the other members of the group are Micron, Hitachi and Winbond.

18    60.    Defendants had numerous opportunities to meet over the years to conduct cartel

19    activities at various electronics conventions and other industry meetings and expos across the

20    world.  Hitachi, Lexar, Mitsubishi, Renesas, Samsung, Toshiba and Winbond, or their affiliates,

21    are members of the CompactFlash Association which was founded in 1995 as "a non-profit,

22    mutual-benefit" association to promote Flash Memory.  Over the years, CompactFlash members

23    have met in the United States, Japan, Germany, and the United Kingdom.

24    61.    CompactFlash members first met in New Orleans in February 1997 to give

25    demonstrations of their products at PMA 97 and to socialize with fellow members.  PMA stands

26    for Photo Marketing Association, which annually conducts an international photo industry expo.

27    On March 10-11, 1997, CompactFlash held its first general meeting, with product

28    demonstrations and press briefings, in London.

14

CLASS ACTION COMPLAINT; JURY TRIAL DEMANDED

62.    Other CompactFlash meetings and presentations were held every year since 1998 at the Consumer Electronics Show in Las Vegas; annual PMA shows in Las Vegas, New Orleans, and Orlando, Florida; Photokina shows in Germany, and World PC Expos in Tokyo.

63.    Of special note was the September 7, 1999 World PC Expo '99 in Tokyo. This event is considered of special significance because of indications it was the site of the birth of cartel-like activities. The CompactFlash Association had 50 members exhibiting at the Expo, a record number at the time for an international show. There were special meetings, dinners and other activities at the Expo that provided opportunities for cartel actions. In addition, the sponsor of the Expo said in a news release:

> *"Networking opportunities will also be promoted for overseas exhibiting companies by holding an International Business Partnership Party where company representatives can meet with Japanese buyers and an International Business Seminar that will examine IT industry/market trends in China, India and Taiwan... WORLD PC EXPO has gained a reputation as a gateway to the world's second largest market in IT and as a place where the alliances and OEM partners from the information home appliance age assembly for Asia's largest IT showcase... Most overseas exhibiting companies see the EXPO as a chance to meet potential business partners in Asian markets, including the vast emerging market in China."*

64.    The structure of the market allowed Defendants to maintain and enforce their cartel using methods such as price signaling. On March 20, 2006, Hynix warned investors that the prices of NAND Flash Memory could fall as much as 50% for the year. The next day, Samsung publicly announced that prices would recover and stabilize. As of August 2006, Flash Memory prices had stabilized, in part, as a result of reduced inventory from manufacturers. "Apple to spur NAND Flash Market, firm says," *Electronic News*, August 9, 2006.

65.    One industry analyst, Richard Gordon of Gartner, Inc., noted the pervasiveness of cartel activity among the Defendants and others within the overall semiconductor industry. "If the DOJ wanted to, it could just go down every line in the semiconductor industry and find the same issue. That's because there are a relatively few number of suppliers in the chip industry

15

CLASS ACTION COMPLAINT; JURY TRIAL DEMANDED

1  and an open flow of communication between competitors and customers, who may not define

2  price fixing the same way the DOJ does," he said.

3  (http://blog.tmcnet.com/regulations/enforcement/doj-subpoenas-go-to-amd-nvidia-antitrust-viola

4  tions-eyed.asp)

### F.  **Internet Pricing Information**

6  66.    Certain websites, such as DRAMeXchange (http://www.dramexchange.com),

7  allow Defendants to track each other's Flash Memory prices as well.

### G.   **Flash Memory Industry Pricing**

9  67.    Prices for Flash Memory have been maintained at supra-competitive levels from

10 at least 1999 through the present as a result of Defendants' cartel activity.  Prior to 1999, the

11 average selling price for all Flash Memory was at a decline.  Beginning in 2000, and continuing

12 through the first quarter of 2001, the aggregate average price of Flash Memory stabilized, then

13 increased.

14 68.    Flash Memory prices began to somewhat decline at the end of 2001, but the cartel

15 created by Defendants operated to palliate those declines so that prices were still at supra-

16 competitive levels.  Defendants' collusive activity still continues and has had the effect of

17 keeping prices at supra-competitive levels.

18 69.    The trend in the average prices of Flash Memory is similar to a contemporaneous

19 price movement in the DRAM market.  The pricing of, and behavior of, participants in the

20 DRAM market during this period is currently the subject of a price-fixing probe by the U.S.

21 Department of Justice's Antitrust Division.  Several of the Defendants named herein are either

22 currently the subject of the DRAM investigation, or have pleaded guilty to price-fixing charges.

23 Samsung was fined $300 million by U.S. authorities in October 2005 for participating in DRAM

24 price-fixing.  Samsung and some of the other Defendants, also are under investigation by the

25 Department of Justice ("DOJ") for fixing the prices of SRAM.  The agents and employees of

26 Samsung, Hynix, and Micron implicated in the DRAM price-fixing conspiracy are the same

27 agents and employees that are responsible for pricing SRAM and Flash Memory.  Samsung and

28 Hynix pleaded guilty to price-fixing in the DRAM market during the period from 1999 to 2002

CLASS ACTION COMPLAINT; JURY TRIAL DEMANDED

1    and have paid substantial fines.  Micron was the amnesty applicant in the DRAM price-fixing

2    investigation.

3        **H.**    **DOJ Investigation**

4        70.    Mirroring aspects of the Flash Memory industry, in October 2006 the DOJ sent

5    subpoenas to approximately 23 companies, including Samsung, Toshiba, Hynix, Renesas, and

6    Micron, in connection with an investigation of cartel activity in the SRAM industry.  A DOJ

7    spokesperson was quoted as saying: "[t]he U.S. Department of Justice's antitrust division is

8    conducting an investigation regarding anti-competitive practices against chief SRAM

9    manufacturers."  DOJ's SRAM investigation concerns anti-competitive conduct that was

10    continuing at least as recently as 2005.

11        **I.**    **Anti-Competitive Conduct and Unfair Business Practices**

12        71.    Defendants, including their officers, directors, and employees, participated in

13    anti-competitive conduct or behavior and unfair business practices which harmed businesses and

14    consumers and violated standards of ethical behavior through the following conduct:

15            a.    Discussing the prices of Flash Memory in the United States while

16              participating in meetings, social events and conversations at, among other

17              things, various trade associations, expos and committees.

18            b.    Agreeing at those meetings and conversations to charge prices at specified

19              levels and otherwise to increase and maintain U.S. prices of Flash

20              Memory;

21            c.    In accordance with the agreements reached, issuing price announcements

22              and quotations; and

23            d.    Selling Flash Memory to various U.S. customers at non-competitive

24              prices.

25        72.    Defendants' contract, combination, trust or conspiracy was centered in, carried

26    out, effectuated and perfected mainly in California.  On a regular and continuous basis,

27    statements concerning the prices and market conditions for Flash Memory were disseminated by

28    Defendants from and into the state.  Therefore, all members of the Class, whether or not

17

CLASS ACTION COMPLAINT; JURY TRIAL DEMANDED

1   California residents, are entitled to recover under California law, as well as the laws of their own

2   states.

3                    X.    **CONSPIRACY CONCEALMENT**

4           73.    Defendants and their co-conspirators concealed, both affirmatively and actively,

5   their unlawful conduct and behavior from Plaintiff throughout and beyond the conspiracy.

6   Defendants and their co-conspirators conducted their conspiracy confidentially and kept it secret

7   mostly within the confines of their top executives.  Defendants and their co-conspirators publicly

8   provided pre-textual and false justifications regarding their price increases.

9           74.    Defendants and their co-conspirators conducted their conspiracy in secret,

10  concealed the true nature of their unlawful conduct and acts in furtherance thereof.  Plaintiff did

11  not discover, and could not have discovered through the exercise of reasonable diligence, that

12  Defendants and their co-conspirators were violating the antitrust laws as alleged herein until

13  shortly before litigation was commenced.

14          75.    Because of the active concealment of the conspiracy by Defendants and their co-

15  conspirators, any and all applicable statues of limitations otherwise applicable to Plaintiff's

16  allegations herein have been tolled.

17                  XI.   **ALLEGED VIOLATIONS**

18                        **FIRST CAUSE OF ACTION**

19              **(Violation of Section 1 of the Sherman Act)**

20          76.    Plaintiff incorporates and realleges, as though fully set forth herein, each and

21  every allegation set forth above.

22          77.    Although the precise dates are not known to Plaintiff, but are known to

23  Defendants, Plaintiff alleges upon information and belief that from about January 1, 1999, and

24  continuing through the present, Defendants and their co-conspirators entered into agreements,

25  understandings, and a conspiracy in restraint of trade to artificially raise, fix, maintain, and/or

26  stabilize the U.S. prices of Flash Memory.  These agreements, understandings, and the

27  conspiracy violated Section 1 of the Sherman Act, 15 U.S.C. § 1.

28

CLASS ACTION COMPLAINT; JURY TRIAL DEMANDED

78.    As alleged herein, the activities of Defendants and their co-conspirators were intended to, and did have a major effect on the foreign and interstate commerce of the United States.

79.    Defendants and their co-conspirators, in entering into and conducting the conspiracy, committed the acts they agreed to commit, including those specifically set forth herein and additional acts and conduct and behavior in furtherance of the conspiracy, with the specific goals and intent of:

      a.    Fixing, raising, and maintaining the price of Flash Memory;

      b.    Submitting rigged bids in order to secure and carry out certain Flash Memory contracts;

      c.    Allocating amongst themselves markets for Flash Memory; and

      d.    Allocating amongst themselves the production of Flash Memory.

80.    The effects of Defendants' and their co-conspirators' acts have been, among other things:

      a.    The raising, fixing, maintenance, and stabilization of prices at artificially high and non-competitive levels for Flash Memory sold by Defendants and their co-conspirators in the United States;

      b.    Restraining, suppressing and/or eliminating price competition in the sale of Flash Memory in the Untied States; and

      c.    The denial of the benefits of competition to consumers of Flash Memory products in the United States.

81.    Plaintiff and the Class have been injured and will continue to be injured in their business and property by paying more for Flash Memory purchased indirectly from Defendants and their co-conspirators than they would have paid and will pay in the absence of the combination and conspiracy. This includes paying more for personal computers, mobile phones and other products in which Flash Memory is a component as a result of higher prices paid for Flash Memory by the manufacturers of those products.

CLASS ACTION COMPLAINT; JURY TRIAL DEMANDED

82.     Pursuant to Section 16 of the Clayton Act, 15 U.S.C. § 26, Plaintiff and the Class are entitled to an injunction against Defendants, preventing and restraining the violations alleged herein. Also, pursuant to Section 4 of the Clayton Act, 15 U.S.C. § 15, Plaintiffs and the Class are entitled to damages, as provided by law and in an amount to be trebled, and the cost of suit, including reasonable attorney's fees.

## SECOND CAUSE OF ACTION

### (Violation of the California Cartwright Act)

83.     Plaintiff realleges the paragraphs set forth above and incorporates them herein as if fully alleged.

84.     Defendants' acts in violation of federal and state antitrust laws and other laws as alleged herein were carried out, centered in, effectuated from and perfected largely within California. The conduct of Defendants in California injured all members of the Class throughout the United States. As a result, this claim for relief under California law is brought on behalf of all members regardless of their residence and/or domicile.

85.     Defendants and their co-conspirators, from at least as early as January 1, 1999, and continuing through the present, entered into and engaged in a continuing conspiracy in violation of Section 16720 of the California Business and Professional Code. Defendants and their co-conspirators acted in violation of Section 16720 to fix, raise, stabilize and maintain prices of, and allocate markets for, Flash Memory at prices in excess of what they would have been absent Defendants' and their co-conspirators' conduct as alleged herein.

86.     As alleged herein, the violations of Section 16720 of the California Business and Professions Code comprised a continuing unlawful trust and concert of action between and among the Defendants and their co-conspirators. The substantial terms of this unlawful trust were to fix, raise, maintain and stabilize the prices of, and to allocate Flash Memory markets.

87.     Defendants and their co-conspirators, in carrying out this conspiracy and illicit trust:

CLASS ACTION COMPLAINT; JURY TRIAL DEMANDED

1          a.      Fixed, raised and maintained the price of Flash Memory;

2          b.      Submitted rigged bids in order to secure and carry out certain Flash

3                   Memory contracts;

4          c.      Allocated amongst themselves the markets for Flash Memory; and

5          d.      Allocated amongst themselves the production of Flash Memory.

6    88.    As a result, Defendants' and their co-conspirators' actions caused:

7          a.      The fixing of artificially high, non-competitive prices for Flash Memory

8                   sold by Defendants and their co-conspirators in the State of California and

9                   throughout the United States;

10         b.      The restraint of price competition in the sale of Flash Memory in the State

11                 of California and throughout the United States; and

12         c.      Plaintiff and the Class to be deprived of the benefit of free and open

13                 competition in the pricing of Flash Memory.

14    89.    Plaintiff and the Class have been injured in their business and property as a direct

15 and proximate result of Defendants' and their co-conspirators' unlawful conduct and behavior

16 because they paid more for products containing Flash Memory than they otherwise would have

17 paid but for Defendants' unlawful actions.  Plaintiff and the Class seek injunctive relief, treble

18 damages and the costs of the suit, including reasonable attorneys' fees, pursuant to Section

19 16750(a) of the California Business and Professions Code, as a result of Defendants' and their

20 co-conspirators' violations of Section 16720 of the California Business and Professions Code.

21                        **THIRD CAUSE OF ACTION**

22            **(Violation of the California Unfair Competition Law)**

23    90.    Plaintiff realleges the allegations set forth above and incorporates them herein as

24 if fully set forth.

25    91.    As alleged herein, Defendants' acts in violation of federal and state antitrust laws

26 and other laws were carried out, centered in, effectuated from and perfected largely within the

27 State of California.  Defendants' conduct within California injured all members of the Class in

28 California and throughout the United States.  As a result, this claim for relief under California

CLASS ACTION COMPLAINT; JURY TRIAL DEMANDED

1    law is brought on behalf of all members of the Class, regardless of their residence and/or

2    domicile.

3         92.    Defendants and their co-conspirators, beginning no later than January 1, 1999,

4    and continuing through the present, violated California Business and Professions Code, Section

5    17200 et seq., by engaging in acts of unfair competition as alleged herein.

6         93.    This Claim is asserted pursuant to Sections 17203 and 17204 of the California

7    Business and Professions Code. Plaintiffs and members of the Class seek restitution from

8    Defendants for the acts alleged herein which violate Section 17200 of the California Business

9    and Professions Code.

10        94.    As set forth herein, the acts of Defendants and their co-conspirators are unfair,

11   unlawful and/or fraudulent business acts or practices within the meaning of California Business

12   and Professions Code, Section 17200 and include, but are not limited to, the following:

13             a.    Violations of Section 1 of the Sherman Act;

14             b.    Violations of Section 16720, et seq., of the California Business and

15                   Professions Code; and

16             c.    Other acts by Defendants and their co-conspirators as alleged herein which

17                   are otherwise unfair, unconscionable, unlawful or fraudulent within the

18                   meaning of Section 17200, California Business and Professions Code.

19        95.    Plaintiff and each member of the Class are entitled to full restitution and/or

20   disgorgement of all revenues, earnings, profits, compensation and benefits which Defendants and

21   their co-conspirators may have obtained as a result of such business acts or practices.

22        96.    As alleged herein, the acts of Defendants and their co-conspirators, as alleged

23   herein, have caused and continue to cause Plaintiff and the Class to pay higher prices for

24   products containing Flash Memory than they would have paid but for these acts. Plaintiff and

25   Class members sustained injury in fact and lost money or property as a result of such unfair

26   competition with this conduct violating §17200 of the California Business and Professions Code.

27

28

CLASS ACTION COMPLAINT; JURY TRIAL DEMANDED

1    97.    The unlawful and unfair business practices of Defendants and their co-

2    conspirators are believed to be continuing and there is no reason to believe that Defendants will

3    not cease such conduct.

4    98.    Because Defendants and their co-conspirators have been unjustly enriched,

5    Plaintiff and the Class are entitled to relief including restitution and/or disgorgement of all

6    revenues, earnings, profits, compensation and benefits which may have been obtained by

7    Defendants as a result of such business practices, pursuant to the California Business and

8    Professions Code, Sections 17203 and 17204.

9    **FOURTH CAUSE OF ACTION**

10    **(Violation of State Antitrust and Unfair Competition Law)**

11    99.    Plaintiff incorporates and realleges, as though fully set forth herein, each and

12    every allegation set forth in the preceding paragraphs of this Complaint.

13    100.    By reason of the foregoing, Defendants have entered into agreements in restraint

14    of trade in violation of:

15    a.    Alabama Code § 8-10-1 et seq.

16    b.    Arizona Revised Stat. § 44-1401 et seq.

17    c.    District of Columbia Code Ann. § 28-4503 et seq.

18    d.    Iowa Code § 553.1 et seq.

19    e.    Kansas Stat. Ann. § 50-101 et seq.

20    f.    Maine Rev. Stat. Ann. 10, § 1101 et seq.

21    g.    Michigan Com. Laws. Ann. § 445.773 et seq.

22    h.    Minnesota Stat. § 325D.52 et seq.

23    i.    Mississippi Code Ann. § 75-21-1 et seq.

24    j.    Nebraska Rev. Stat. § 59-801 et seq.

25    k.    Nevada Rev. Stat. Ann. § 598A et seq.

26    l.    New Mexico Stat. Ann. § 57-1-1 et seq.

27    m.    North Carolina Gen. Stat. § 75-1 et seq.

28    n.    North Dakota Cent. Code § 51-08.1-01 et seq.

23

1          o.      Pennsylvania common law.

2          p.      South Dakota Codified Laws Ann. § 37-1 et seq.

3          q.      Tennessee Code Ann. § 47-2-101 et seq.

4          r.      Vermont Stat. Ann. 9 § 2453 et seq.

5          s.      West Virginia § 47-18-1 et seq. and

6          t.      Wisconsin Stat. § 133.01 et seq.

7      101.    In each state listed above, Class Members paid supra-competitive, artificially

8   inflated prices for Flash Memory.  As a direct and proximate result of Defendants' unlawful

9   conduct, such members of the Class have been injured in their business and property in that they

10  paid more for Flash Memory products than they otherwise would have paid in the absence of the

11  Defendants' unlawful conduct.

12                              **FIFTH CAUSE OF ACTION**

13          **(Violation of State Consumer Protection and Unfair Competition Laws)**

14     102.    Plaintiff incorporates and realleges, as thought fully set forth herein, each and

15  every allegation set forth in the preceding paragraphs of this Complaint.

16     103.    Defendants engaged in unfair competition or unfair, unconscionable, deceptive or

17  fraudulent acts or practices in violation of the state consumer protection and unfair competition

18  statues listed here:

19          a.      Alaska Stat. § 45.50.471 et seq.

20          b.      District of Columbia Code § 28-3901 et seq.

21          c.      Florida Stat. § 501.201 et seq.

22          d.      Hawaii Rev. Stat. § 480 et seq.

23          e.      Idaho Code § 48-601 et seq.

24          f.      Kansas Stat. § 50-623 et seq.

25          g.      Louisiana Rev. Stat. § 51:1402 et seq.

26          h.      5 Maine Rev. Stat. § 207 et seq.

27          i.      Montana Code § 30-14-101 et seq.

28          j.      Nebraska Rev. Stat. § 59-1601 et seq.

24

CLASS ACTION COMPLAINT; JURY TRIAL DEMANDED

| | | |
|---|---|---|
| 1 | k. | New Mexico § 57-12-1 et seq. |
| 2 | l. | New York Gen. Bus. Law § 349 et seq. |
| 3 | m. | North Carolina Gen. Stat. § 75-1.1 et seq. |
| 4 | o. | Oregon Rev. Stat. § 646.605 et seq. |
| 5 | p. | Rhode Island Gen. Laws. § 6-13.1-1 et seq. |
| 6 | q. | South Carolina Code Laws § 39-5-10 et seq. |
| 7 | r. | Utah Code § 13-11-1 et seq. |
| 8 | s. | 9 Vermont § 2451 et seq. |
| 9 | t. | West Virginia Code § 46A-6-101 et seq. |
| 10 | u. | Wyoming Stat. § 40-12-105 et seq. |

104.    Class members in these states paid supra-competitive, artificially inflated prices for Flash Memory products. Plaintiff and members of the Class, as a direct and proximate result of Defendants' unlawful conduct, have been injured in their business and property in that they paid more for Flash Memory products than they otherwise would have paid in the absence of Defendants' unlawful conduct.

## SIXTH CAUSE OF ACTION

### (Unjust Enrichment and Disgorgement of Profits)

105.    Plaintiff realleges the allegations set forth above as if fully set forth herein.

106.    Defendants and their co-conspirators, as a result of the conduct alleged herein, have been unjustly enriched through overpayments by Plaintiff and the other Class members and the resulting profits.

107.    Defendants should not be permitted to retain the benefits conferred by overpayments by Plaintiff and the other members of the Class.

108.    Plaintiff seeks disgorgement of all profits resulting from such overpayments and establishment of a constructive trust from which Plaintiff and members of the Class may seek restitution.

CLASS ACTION COMPLAINT; JURY TRIAL DEMANDED

## XII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against all Defendants, jointly and severally, and respectfully requests that:

A.    The Court determine that class treatment pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(2), and 23(b)(3) is appropriate for the claims alleged herein under the Sherman Act, the California Cartwright Act, the California Unfair Competition Law, the state antitrust and unfair competition laws and the common law;

B.    The Defendants, their affiliates, successors, assignees, transferees and the officers, directors, partners, agents, and employees thereof, and all other persons acting or claiming to act on their behalf, be permanently enjoined and restrained from in any manner continuing, maintaining, or renewing the conduct, contract, trust, understanding, conspiracy, or combination alleged herein, or from entering into any other conduct, contract, trust, understanding, conspiracy, or combination having a similar purpose or effect, and from adopting or following any practice, plan, program, or device having a similar purpose or effect;

C.    The unlawful conduct, contract, conspiracy or combination alleged herein be adjudged and decreed to be:

      i.    A restraint of trade or commerce in violation of Section 1 of the Sherman Act;

      ii.    A violation of the California Cartwright Act;

      iii.    A violation of the California Unfair Competition Law;

      iv.    Violations of the state antitrust and unfair competition laws; and

      v.    Acts of unjust enrichment.

D.    Plaintiff and members of the Class recover damages, as available under the law and that a judgment be entered in favor of Plaintiff and the Class jointly and severally against Defendants in an amount to be trebled in accordance with applicable laws;

E.    Plaintiff and Class members be awarded restitution, including disgorgement of profits obtained by Defendants as a result of their acts of unfair competition and acts of unjust enrichment;

CLASS ACTION COMPLAINT; JURY TRIAL DEMANDED

1   F.  Plaintiff and Class members recover their costs of this suit, including reasonable

2 attorneys' fees as provided by law;

3   G.  Plaintiff and Class members be awarded pre- and post-judgment interest from and

4 after the date of service of the initial complaint in this action; and

5   H.  Plaintiff and Class members receive such other and further relief as the nature of

6 the case may require or as the Court deems just, equitable, and proper.

Dated:  October 16, 2007     McMANIS FAULKNER & MORGAN

JAMES McMANIS
MARWA ELZANKALY

Attorneys for Plaintiff

## XIII. DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury for all issues so triable.

Dated:  October 16, 2007     McMANIS FAULKNER & MORGAN

JAMES McMANIS
MARWA ELZANKALY

Attorneys for Plaintiff

CLASS ACTION COMPLAINT; JURY TRIAL DEMANDED